UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:19-CV-2979 HEA |
| KENNETH B. JACKSON, | ) ) | |
| Defendant. | ) ) | |

## **OPINION, MEMORANDUM AND DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff's Verified Motion for Default Judgment. [Doc. 9]. The record shows that Defendant Kenneth B. Jackson was served with the summons and Complaint on November 7, 2019, and the Defendant has not filed an answer or other responsive pleading. On December 10, 2019, the Clerk entered a Clerk's Entry of Default. [Doc. 8]. Plaintiff now requests that the Court enter Default Judgment against Defendant pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.

### **Background**

The Complaint and Plaintiff's Verified Motion for Default Judgment reflect that on or about August 31, 2000, Wachovia Bank of Delaware, N.A. f/k/a First Union National Bank of Delaware ("Wachovia") made a loan to Defendant evidenced by a Note dated August 31, 2000 in the original principal amount of $112,000.00 (the "Note"). Wachovia subsequently merged into Wells Fargo Bank, N.A. ("Wells Fargo"), who thereby became the holder of the Note.

The Note matured by its terms on September 1, 2015, at which time it had an unpaid principal balance of $72,370.36. Defendant defaulted under the Note on September 1, 2015

by failing to pay in full the unpaid principal balance plus interest and other charges then due under the terms of the Note.

On September 21, 2016, Wells Fargo sent a "Payoff Statement" to Defendant's representative setting forth the total amount due under the Note through September 30, 2016. By way of a Release Agreement dated December 22, 2016, Wells Fargo duly assigned the Note to Plaintiff for valuable consideration. Plaintiff is the current owner and holder of the Note and is entitled to enforce the Note against Defendant.

Despite repeated written demands by Plaintiff, Defendant failed and refused to pay the outstanding amounts owed under the Note. Accordingly, Plaintiff filed this action against Defendant on November 5, 2017. On November 7, 2019, Defendant was personally served with the Summons and a copy of the Complaint at his usual place of abode. Defendant subsequently failed to file an answer or other responsive pleading.

On December 5, 2019, Plaintiff filed a Motion for Clerk's Entry of Default pursuant to Rule 55(a). On December 10, 2019, the Clerk entered an Order granting Plaintiff's Motion for Clerk's Entry of Default. Plaintiff now requests that the Court enter default judgment against Defendant pursuant to Rule 55(b)(1).

## **Legal Standard**

Under Rule 55 of the Federal Rules of Civil Procedure, a court may enter default judgment for failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a). "In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint." *Rankin v. National Credit Works II, LLC*, 2011 WL 5222601, at *1 (E.D. Mo. Nov. 2, 2011) (citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir.1988)). The Court accepts

Plaintiff's allegations as true, except for those relating to the amount of damages. *Id*. For purposes of determining the amount of damages, Rule 55(b)(1) provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Because Plaintiff has indicated that it is forgoing its right to recover "reasonable attorneys' fees" under Section 4(E) of the Note, Plaintiff's claim against Defendant is for a sum that can be made certain by computation under the terms of the Note. *See FDIC v. Spartan Mining Co.*, 96 F.R.D. 677, 683 (S.D. W. Va. 1983); *Design & Development, Inc. v. Vibromatic Mfg. Inc.*, 58 F.R.D. 71, 74 (E.D. Pa. 1973).

## Discussion

Taking the allegations in the Complaint as true, Plaintiff has established that it is the holder of the Note and that Defendant has defaulted under the terms of the Note. By way of its Verified Motion for Default Judgment, Plaintiff has also demonstrated that the amount due under the Note (excluding reasonable attorneys' fees, which Plaintiff does not seek to recover) "can be made certain by computation" as required for the Clerk to enter default judgment under Rule 55(b)(1). Thus, based on the record presented, the Clerk may enter default judgment in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Fidelity National Title Insurance Company's Verified Motion for Default Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment is hereby entered in favor of Plaintiff Fidelity National Title Insurance Company and against Defendant Kenneth B. Jackson in the amount of $_$115,012.33 as of January 15, 2020, plus $22.70 in additional accrued interest for each day thereafter].

Dated this 21st day of January 2020.

                                                  _____
                                                  HENRY EDWARD AUTREY
                                                 UNITED STATES DISTRICT JUDGE